UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEWART D. BROWN,

                Plaintiff,

v.                                                  Case No. 19-cv-1761-bhl

DR. KELLY, et al.,

                Defendants.

## DECISION AND ORDER

On December 18, 2020, the Court screened pro se plaintiff Stewart Brown's amended complaint and allowed him to proceed on Eighth Amendment claims based on his allegations that Defendants were deliberately indifferent to his knee injury. Dkt. No. 16. In that decision, the Court also denied Brown's motion to appoint counsel. *Id.* at 7-8. The Court noted that Brown had shown a firm grasp of the events alleged and an understanding of his constitutional claims. As such, the Court found he was capable of representing himself at this time.

Brown disagrees, so, on January 8, 2021, he filed a motion for reconsideration. Dkt. No. 17. A few days later, he filed a second motion for reconsideration, which is substantively identical to the motion he filed a few days earlier.[1] Brown argues that the Court should recruit counsel to represent him because he has limited education, the case involves medical issues, and he does not have the experience or skills of a lawyer.

Brown's arguments, which are largely the same arguments he raised in prior motions, *see* Dkt. Nos. 7, 8, 15, do not convince the Court that Brown is unable to represent himself at this time. When

---

[1] The Court cautions Brown not to file duplicative motions and to be patient as he waits for the Court's order. The Court will address every motion Brown files. Making the same request multiple times, creates unnecessary work for the Court and may delay the Court's resolution of a motion.

deciding whether to recruit counsel, the Court must consider the difficulty of litigating the claim and a plaintiff's competence to do so. Brown's claim is straightforward—he alleges that, despite a health care provider at a prior institution referring him for an MRI, Defendants failed to schedule him for an MRI or address his complaints of knee pain. Brown has firsthand knowledge of his interactions with Defendants and with his prior healthcare provider, and, *after* Defendants have an opportunity to respond to Brown's amended complaint and *after* the Court enters a scheduling order, Brown will be able to use discovery to obtain documents and other information that he believes will help him prove his claims. Brown's filings have been clear and easy to understand, and nothing to date suggests that he will have trouble communicating with the Court or with Defendants.

As the Court already explained, if during discovery or the briefing of summary judgment challenges arise that Brown feels he is unable to overcome on his own, he may renew his request for counsel. If he does so, he mut explain what challenges he is facing and why he believes he is unable to overcome them on his own. At this point, however, Brown has failed to establish that his is one of the relatively few cases where the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *See Pruitt v. Mote*, 503 F.3d 647, 645-55 (7th Cir. 2007).

**IT IS THEREFORE ORDERED** that Brown's motions for reconsideration (Dkt. Nos. 17, 18) are **DENIED**.

Dated at Milwaukee, Wisconsin this 13th day of January, 2021.

            BY THE COURT:

            s/ *Brett H. Ludwig*
            BRETT H. LUDWIG
            United States District Judge